IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 NOV 16  A 10: 34

___A P. HACKETT, CL_
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| VIOLA BELSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action Number: 2:07-CV-1009-TFM |
| | ) |
| PROGRESSIVE HALCYON | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW the defendant, Progressive Halcyon Insurance Company ("Progressive"), and files this Notice of Removal of this case from the Circuit Court of Montgomery County, Alabama, in which it is now pending to the United States District Court for the Middle District of Alabama, Northern Division, and shows unto the court the following:

I.

This case was commenced in the Circuit Court of Montgomery, Alabama on October 17, 2007 and is now pending in that court.

II.

This case is a civil action for damages arising out of a bad faith claim based upon Progressive's failure to pay UM benefits as a result of an automobile accident which occurred in Montgomery, Alabama on October 6, 2004.

III.

The action is one of a civil nature over which the District Courts of the United States have original jurisdiction because of diversity of citizenship and the amount in controversy.

IV.

The matter in dispute exceeds the sum of $75,000, exclusive of interest and costs, as will more fully appear by the plaintiff's complaint which is attached as Exhibit "A". The plaintiff is seeking an unspecified amount of compensatory and punitive damages in excess of $50,000. Progressive previously removed a prior case filed by the plaintiff arising out of the same accident.

V.

The plaintiff, Viola Belser, was at the time of the commencement of this action, and now is, a resident citizen of the state of Alabama.

VI.

The defendant Progressive is a corporation incorporated and organized in the state of Ohio, having its principal place of business in the state of Ohio.

VII.

The petition is timely filed with this Court pursuant to 28 U.S.C. §1446(b). This notice is being filed within 30 days after the date that Progressive was served with the complaint. Progressive was served on October 22, 2007.

VIII.

A copy of this Notice of Removal will be filed with the clerk of the Circuit Court of Montgomery County, Alabama in accordance with 28 U.S.C. §1446(d).

Progressive requests that this Court will take jurisdiction of this case and will issue all necessary orders and process in order to remove the case from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Northern Division of the Middle District of Alabama.

_____
R. Larry Bradford, Attorney for Defendant
Progressive Halcyon Insurance Company
Attorney Bar Code: ASB-8038-F64R

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205)871-7733

## CERTIFICATE OF SERVICE

I hereby certify that I have this the _15_ day of November, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

_____
OF COUNSEL

# Exhibit "A"

ELECTRONICALLY FILED
10/17/2007 10:11 AM
CV-2007-900745.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| VIOLA BELSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: CV-2007-_____ |
| | ) |
| PROGRESSIVE HALCYON | ) **Jury Trial Demanded** |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Viola Belser, by and through her undersigned attorney of record, and would show unto the Court as follows:

1. Plaintiff Viola Belser is over the age of nineteen (19) years and is a permanent resident of the State of Alabama.

2. Defendant Progressive Halcyon Insurance Company, on information and belief, is a foreign corporation doing business by agent in Montgomery County, State of Alabama, at all times mentioned herein.

## FACTUAL ALLEGATIONS

3. Plaintiff expressly adopts as if set forth fully herein the allegations of paragraphs 1-2 above.

4. On or about October 6, 2004, at approximately 5:00 p.m., Plaintiff was operating her motor vehicle, a 1998 GMC Jimmy, on Oak Street in Montgomery County, Alabama, at or near the intersection of Whitaker Street and Ridgecrest Street.

5. While lawfully stopped on Oak Street, Plaintiff's vehicle was rear-ended by a vehicle immediately to her rear operated by Wanda Anderson (hereinafter referred to as "Anderson").

6. Anderson's vehicle was caused to collide with Plaintiff's vehicle as a result of Tachima Hall (hereinafter referred to as "Hall") rear ending Anderson's vehicle, which was also stopped,

1

which propelled Anderson's vehicle into the rear of Plaintiff's vehicle.

7. As a result of the collision, Plaintiff has been caused to suffer certain property damage, serious and permanent physical injuries, loss of income and pain and suffering.

8. On the date of the collision, Hall was an uninsured driver as defined by Alabama law.

9. On the date of the collision, Plaintiff was an insured under two (2) separate policies of insurance issued by Defendant, one of which provided uninsured motorist ("UM") coverage in the sum of $50,000 each person/$100,000 each accident; while the second provided UM coverage in the sum of $20,000 each person/$40,000 each accident. In relevant part, said policies define an uninsured motor vehicle as:

> "3. 'Uninsured motor vehicle means a land motor vehicle or trailer of any type:
>
> a. to which no bodily injury liability bond or policy applies at the time of the accident;"

10. It is undisputed that Hall was uninsured on the date of the auto accident; that Hall was at fault in causing the accident; and that Plaintiff sustained injury/damages as a result of the auto collision.

11. On or about April 6, 2007, Plaintiff demanded payment of her UM policy limits on the two separate policies of insurance issued by Defendant.

12. At the time of Plaintiff's demand, Defendant had previously obtained and reviewed Plaintiff's medical records; had taken sworn testimony from Plaintiff; and Defendant was fully aware of the severity of Plaintiff's injuries, to include, but not limited to: a severe neck and back injury, in addition to the fact the Plaintiff's medical bills totaled approximately $9,000.00. Defendant was further aware, and had been provided with documentation, establishing that Plaintiff had lost wages due to her injuries in the approximate sum of $11,000.00.

13. At the filing of this lawsuit, in excess of six (6) months since the policy limits demand,

Defendant has failed/refused to act on Plaintiff's UM claim and as such, has effectively constructively denied said claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant for compensatory and punitive damages in excess of the sum of $50,000.00; costs of this action; and such other and further relief as the Court may deem just and proper.

### COUNT I - BREACH OF CONTRACT

14. Plaintiff expressly adopts as if set forth fully herein the allegations paragraphs 1-13 above.

15. Plaintiff entered into contractual agreements with Defendant wherein Defendant contractually agreed to provide UM coverage/benefits to Plaintiff if Plaintiff was involved in auto accident and the at fault party was uninsured.

16. Defendant breached the contractual agreements in denying her UM claim by not acting on the same within a reasonable period of time.

17. As a direct and proximate result of Defendant's actions, Plaintiff has been injured.

### COUNT II - BAD FAITH

18. Plaintiff expressly adopts as if fully set forth herein the allegations of paragraphs 1-17 above.

19. Defendant acted in bad faith in the handling of Plaintiff's UM claim in denying her UM claims by not acting on the same within a reasonable period of time.

20. Defendant's actions were absent any reasonably legitimate or arguable reason.

21. Defendant had actual knowledge of the absence of any legitimate or arguable reason for its actions.

22. As a direct and proximate result of Defendant's actions, Plaintiff has been injured.

Respectfully submitted this the 17th day of October, 2007.

                                                /s Jerry M. Blevins
                                                JERRY M. BLEVINS (BLE003)
                                                Attorney for Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

**PLAINTIFF DEMANDS A TRIAL BY JURY**

4