IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 NOV 16  A 10: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| VIOLA BELSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: 2:07-cv-1009-TFM |
| | ) |
| PROGRESSIVE HALCYON | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT, PROGRESSIVE HALCYON INSURANCE COMPANY ("PROGRESSIVE")

### First Defense

Progressive admits that it issued a policy of automobile insurance and a policy of motor home insurance to the plaintiff. Both policies were in full force and effect on the date of the plaintiff's October 6, 2004 accident. They provided UM coverage.

### Second Defense

Progressive denies each and every allegation of the complaint. It demands strict proof thereof.

### Third Defense

Progressive avers that the bad faith claim is barred by the statute of limitations.

### Fourth Defense

Progressive pleads collateral stoppel and res judicada for any claims arising out of conduct before the date of the plaintiff's prior lawsuit against Progressive arising out of this

same accident. The court granted Progressive's motion for summary judgment on the bad faith claim for the prior conduct.

## Fifth Defense

Progressive specifically denies that it acted in bad faith as alleged in count II of the complaint. It had arguable or debatable reasons to support its claims decision.

Further, Progressive never denied the plaintiff's UM claim. It made a cognitive review of her claim. It discussed the claim with the plaintiff, obtained the police report, and obtained medical records. It confirmed the amount of Blue Cross's subrogation claim and then made a good faith settlement offer to the plaintiff.

## Sixth Defense

Progressive denies that the plaintiff is entitled to recover the items and amounts of damages alleged in the complaint and demands strict proof thereof.

## Seventh Defense

Progressive denies that it was guilty of the type conduct required for the imposition of punitive damages under Alabama law. It demands clear and convincing evidence of such wrongful conduct.

## Eighth Defense

Progressive avers that the bad faith claim was not filed with substantial justification as that term is used in the Alabama Litigation Accountability Act. It reserves the right to request the court to impose appropriate sanctions if that claim is not voluntarily dismissed.

### Ninth Defense

Imposition of punitive damages or damages for pain and suffering in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

### Tenth Defense

The procedure and methods asserted for awarding punitive damages or damages for pain and suffering in this case violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

### Eleventh Defense

The claims of plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as maximum multiple compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate Progressive's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### Twelfth Defense

The claims of plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding

punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Progressive's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### Thirteenth Defense

The claims of plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Progressive's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

### Fourteenth Defense

Any award of punitive damages based upon anything other than Progressive's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and

the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Progressive against impermissible multiple punishment for the same wrong.

### Fifteenth Defense

Any award of punitive damages in this case would violate Progressive's rights under substantive and procedural due process clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses the Eight Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

### Sixteenth Defense

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala.1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting; Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient.

See <u>Honda Motor Co., Ltd. v. Oberg</u>, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

### Seventeenth Defense

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

### Eighteenth Defense

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to this defendant's alleged conduct in this matter or to any alleged harm to plaintiffs, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, §15.

<u>Ninteenth Defense</u>

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, <u>Code of Alabama</u> regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

<u>Twentieth Defense</u>

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon the defendant's status as a large, out-of-state, corporate entity.

<u>Twenty-First Defense</u>

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

<u>Twenty-Second Defense</u>

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by plaintiff in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under authority of <u>B.M.W. of North America, Inc. v. Gore</u>, 116 S. Ct. 1589, (May 20, 1996).

The allegations made by the plaintiff in this action, and the plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to this defendant as to deprive this defendant of due process of law.

### Twenty-Third Defense

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to this defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### Twenty-Fourth Defense

Section 6-11-21, Code of Alabama, bars plaintiff's claims for punitive damages to the extent they exceed the section's caps contained therein.

### Twenty-Fifth Defense

Progressive reserves the right to raise other or different defense in accordance with the court's scheduling order.

*/s/ R. Larry Bradford*
R. Larry Bradford, Attorney for Defendant
Progressive Halcyon Insurance Company
Attorney Bar Code: ASB-8038-F64R

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205)871-7733
lbradford@bradfordsears.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 15 day of November, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

                                                    */s/ [signature]*
                                                    OF COUNSEL