IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLA BELSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: 2:07-CV-1009-TFM |
| | ) |
| PROGRESSIVE HALCYON | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## RESPONSE TO MOTION TO REMAND BY
## PROGRESSIVE HALCYON INSURANCE COMPANY

Comes now the defendant, Progressive Halcyon Insurance Company ("Progressive"), pursuant to the amended order (Doc. #12-2) entered by Judge W. Keith Watkins on November 29, 2007 and responds to plaintiff's motion to remand as follows:

### I.    Progressive objects to the plaintiff's motion to remand unless the plaintiff agrees to cap her damages at $75,000.

Progressive objects to the plaintiff's motion to remand unless the plaintiff agrees to cap her damages at $75,000. In the plaintiff's complaint, she alleges that she was insured under two separate policies of insurance issued by Progressive which provided uninsured motorist coverage totaling $70,000. (See, plaintiff's complaint, ¶ 9, attached as exhibit "A").

Additionally, the plaintiff asserts a claim in Count II of her complaint for bad faith. Although Progressive does not agree with the claims in the plaintiff's complaint, arguably, she asserts claims which could result in her being awarded damages in excess of $75,000. Therefore, if the plaintiff agrees to cap her damages at $75,000, then Progressive would consent to this case being remanded to state court.

**II.     Based on the plaintiff's claim for uninsured motorist benefits, the amount of benefits available under Progressive's policies, and the plaintiff's claim for bad faith, it does not appear to be a "legal certainty" that this court lacks jurisdiction over this cause of action.**

In this case, the plaintiff asserts that she was insured under two separate policies of insurance issued by Progressive. (See, plaintiff's complaint, ¶ 9, attached as exhibit "A".) She further alleges that Progressive's policies total $70,000 in uninsured motorist benefits available to her. Id. Additionally, the plaintiff alleges that Progressive acted in bad faith in the handling of her uninsured motorist claim and in denying her uninsured motorist claim. Id. at ¶ 19. The plaintiff demanded the following:

> . . . Judgment against defendant for compensatory and punitive damages in excess of the sum of $50,000; cost of this action; and such other and further relief as the Court may deem just and proper.

Id. at ¶ 13.

Therefore, based on the plaintiff's claims, it is not a "legal certainty" that this court lacks jurisdiction over this cause of action. The United States Court of Appeals for the Fifth Circuit has held:

> Thus, these considerations favor adoption of the 'legal certainty' test, which is heavily weighted in favor of those parties invoking the aid of the federal courts. On the other hand, the amount in controversy cannot be made to depend solely upon a formal allegation that the case involves the requisite jurisdictional amount. Such a practice would result in effective nullification of a statutory requirement, and would permit a party to manufacture jurisdiction by means of a wholly frivolous and colorable claim.

*Lister v. Commissioners Court, Navarro County*, 566 F.2d 490, 492-493 (5th Cir. 1978).

Here, the plaintiff's claims in this lawsuit, if proven, could result in a verdict in excess of $75,000. In fact, the plaintiff filed this exact same lawsuit in the Circuit Court of Montgomery County, Alabama which was removed to the United States District Court for the Middle District of Alabama, Northern Division, styled <u>Viola Belser v. Progressive Direct Insurance Company, Inc.</u>, Civil Action Number 2:06 cv 1038-WHA. The plaintiff made the same allegations against Progressive as a result of this accident on October 6, 2004. (See, plaintiff's previous complaint attached as exhibit "B".)

The court ultimately granted Progressive's motion for summary judgment as to the plaintiff's bad faith claim and dismissed those claims with prejudice as to any actions or inactions of Progressive prior to filing of this action. (See, order entered by W. Harold Albritton, on August 27, 2007, attached as Exhibit "C".) More importantly in that case, the plaintiff demanded judgment against Progressive for compensatory and punitive damages in excess of the sum of $150,000; cost of this action; and such other costs and further relief as the court deems just and proper. (See, plaintiff's previous complaint, ¶13).

In drafting this complaint, the plaintiff simply removed the number "1" from her monetary demand of $150,000 in attempt to avoid invoking this court's jurisdiction. Otherwise, the plaintiff believes that her claims are worth $100,000 less since the filing of the first complaint. If that is accurate, the plaintiff should not have any objection to capping her damages at $75,000. However, she did not amend any of her claims against Progressive from the filing of the first lawsuit to the filing of the second lawsuit.

Therefore, there is substantial evidence presented to the court in terms of the plaintiff's complaint, previous complaint, and claims asserted against Progressive for bad faith, that if proven, the plaintiff has asserted claims within the jurisdiction of this court. It is not a "legal certainty" that the plaintiff's claims fall short of this court's jurisdictional amount. However, Progressive would consent to the plaintiff's motion to remand if she agreed to cap her damages at $75,000.

### III. Conclusion.

Progressive objects to the plaintiff's motion to remand unless she agrees to cap her damages at $75,000. Nevertheless, the plaintiff has stated claims in her complaint which would fall within this court's jurisdictional amount. Progressive requests that the court deny the plaintiff's motion to remand.

/S/ R. Larry Bradford
R. Larry Bradford, Attorney
for Defendant, Progressive Halcyon
Insurance Company
Attorney Bar Code: BRA039

/S/ Shane T. Sears
Shane T. Sears, Attorney for Defendant,
Progressive Halcyon Insurance Company
Attorney Bar Code: SEA026

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road, Suite 100
Birmingham, AL 35216
(205)871-7733

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 19th day of December, 2007, served a copy of the foregoing to all attorneys of record by filing the same electronically to addresses as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

/S/ R. Larry Bradford
OF COUNSEL

ELECTRONICALLY FILED
10/17/2007 10:11 AM
CV-2007-900745.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| VIOLA BELSER, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: CV-2007-_____ |
| PROGRESSIVE HALCYON INSURANCE COMPANY, | ) **Jury Trial Demanded** |
| Defendant. | ) |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Viola Belser, by and through her undersigned attorney of record, and would show unto the Court as follows:

1. Plaintiff Viola Belser is over the age of nineteen (19) years and is a permanent resident of the State of Alabama.

2. Defendant Progressive Halcyon Insurance Company, on information and belief, is a foreign corporation doing business by agent in Montgomery County, State of Alabama, at all times mentioned herein.

## FACTUAL ALLEGATIONS

3. Plaintiff expressly adopts as if set forth fully herein the allegations of paragraphs 1-2 above.

4. On or about October 6, 2004, at approximately 5:00 p.m., Plaintiff was operating her motor vehicle, a 1998 GMC Jimmy, on Oak Street in Montgomery County, Alabama, at or near the intersection of Whitaker Street and Ridgecrest Street.

5. While lawfully stopped on Oak Street, Plaintiff's vehicle was rear-ended by a vehicle immediately to her rear operated by Wanda Anderson (hereinafter referred to as "Anderson").

6. Anderson's vehicle was caused to collide with Plaintiff's vehicle as a result of Tachima Hall (hereinafter referred to as "Hall") rear ending Anderson's vehicle, which was also stopped,



1

which propelled Anderson's vehicle into the rear of Plaintiff's vehicle.

7. As a result of the collision, Plaintiff has been caused to suffer certain property damage, serious and permanent physical injuries, loss of income and pain and suffering.

8. On the date of the collision, Hall was an uninsured driver as defined by Alabama law.

9. On the date of the collision, Plaintiff was an insured under two (2) separate policies of insurance issued by Defendant, one of which provided uninsured motorist ("UM") coverage in the sum of $50,000 each person/$100,000 each accident; while the second provided UM coverage in the sum of $20,000 each person/$40,000 each accident. In relevant part, said policies define an uninsured motor vehicle as:

> "3.  'Uninsured motor vehicle means a land motor vehicle or trailer of any type:
>
>   a.  to which no bodily injury liability bond or policy applies at the time of the accident;"

10. It is undisputed that Hall was uninsured on the date of the auto accident; that Hall was at fault in causing the accident; and that Plaintiff sustained injury/damages as a result of the auto collision.

11. On or about April 6, 2007, Plaintiff demanded payment of her UM policy limits on the two separate policies of insurance issued by Defendant.

12. At the time of Plaintiff's demand, Defendant had previously obtained and reviewed Plaintiff's medical records; had taken sworn testimony from Plaintiff; and Defendant was fully aware of the severity of Plaintiff's injuries, to include, but not limited to: a severe neck and back injury, in addition to the fact the Plaintiff's medical bills totaled approximately $9,000.00. Defendant was further aware, and had been provided with documentation, establishing that Plaintiff had lost wages due to her injuries in the approximate sum of $11,000.00.

13. At the filing of this lawsuit, in excess of six (6) months since the policy limits demand,

Defendant has failed/refused to act on Plaintiff's UM claim and as such, has effectively constructively denied said claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant for compensatory and punitive damages in excess of the sum of $50,000.00; costs of this action; and such other and further relief as the Court may deem just and proper.

## COUNT I - BREACH OF CONTRACT

14. Plaintiff expressly adopts as if set forth fully herein the allegations paragraphs 1-13 above.

15. Plaintiff entered into contractual agreements with Defendant wherein Defendant contractually agreed to provide UM coverage/benefits to Plaintiff if Plaintiff was involved in auto accident and the at fault party was uninsured.

16. Defendant breached the contractual agreements in denying her UM claim by not acting on the same within a reasonable period of time.

17. As a direct and proximate result of Defendant's actions, Plaintiff has been injured.

## COUNT II - BAD FAITH

18. Plaintiff expressly adopts as if fully set forth herein the allegations of paragraphs 1-17 above.

19. Defendant acted in bad faith in the handling of Plaintiff's UM claim in denying her UM claims by not acting on the same within a reasonable period of time.

20. Defendant's actions were absent any reasonably legitimate or arguable reason.

21. Defendant had actual knowledge of the absence of any legitimate or arguable reason for its actions.

22. As a direct and proximate result of Defendant's actions, Plaintiff has been injured.

Respectfully submitted this the 17th day of October, 2007.

/s Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Attorney for Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

**PLAINTIFF DEMANDS A TRIAL BY JURY**

4

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| VIOLA BELSER, ) | BRADFORD & SEARS, P.C. |
| ) | FILE: 6000-1524 |
| Plaintiff, ) | DATE: 10/11/06 |
| ) | |
| vs. ) | Civil Action No.: CV-2006- 900078.00 |
| ) | |
| PROGRESSIVE DIRECT ) | **JURY TRIAL DEMANDED** |
| INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Viola Belser, by and through her undersigned attorney of record, and would show unto the Court as follows:

1. Plaintiff Viola Belser is over the age of nineteen (19) years and is a permanent resident of the State of Alabama.

2. Defendant Progressive Direct Insurance Company, Inc. (formerly known as Progressive Halcyon Insurance Co., Inc.), on information and belief, is a foreign corporation doing business by agent in Montgomery County, State of Alabama, at all times mentioned herein.

## FACTUAL ALLEGATIONS

3. Plaintiff expressly adopts as if set forth fully herein the allegations paragraphs 1-2 above.

4. On or about October 6, 2004, at approximately 5:00 p.m., Plaintiff was operating her motor vehicle, a 1998 GMC Jimmy, on Oak Street in Montgomery County, Alabama, at or near the intersection of Whitaker Street and Ridgecrest Street.

5. While lawfully stopped on Oak Street, Plaintiff's vehicle was rear-ended by a vehicle immediately to her rear operated by Wanda Anderson (hereinafter referred to as "Anderson").

6. Anderson's vehicle was caused to collide with Plaintiff's vehicle as a result of Tachima Hall (hereinafter referred to as "Hall") rear ending Anderson's vehicle, which was also stopped, which propelled Anderson's vehicle into the rear of Plaintiff's vehicle.

EXHIBIT B

1

7. As a result of the collision, Plaintiff has been caused to suffer certain property damage, serious and permanent physical injuries, loss of income and pain and suffering.

8. On the date of the collision, Hall was an uninsured driver as defined by Alabama law.

9. On the date of the collision, Plaintiff was an insured under a policy of motor vehicle insurance issued by Defendant which provided uninsured motorist ("UM") coverage in the sum of $50,000 each person/$100,000 each accident. Four (4) vehicles were insured on this policy, to include the 1998 GMC Jimmy operated by Plaintiff on the date of the accident. In relevant part, said policy defines an uninsured motor vehicle as:

> "3. 'Uninsured motor vehicle means a land motor vehicle or trailer of any type:
>
> a. to which no bodily injury liability bond or policy applies at the time of the accident;"

10. It is undisputed that Hall was uninsured on the date of the auto accident; that Hall was at fault in causing the accident; and that Plaintiff sustained injury/damages as a result of the auto collision.

11. On or about October 1, 2005, Plaintiff made a UM claim on her policy of insurance issued by Defendant.

12. In reviewing Plaintiff's UM claim, Defendant conducted a review of Plaintiff's medical records and was aware of the severity of Plaintiff's injuries, to include, but not limited to: a severe neck and back injury, in addition to the fact the Plaintiff's medical bills totaled approximately $18,000.00.

13. On or about October 15, 2005, Defendant notified Plaintiff that it would only pay Plaintiff $3,000.00 under her UM coverage, in addition to her medical expenses.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against

Defendant for compensatory and punitive damages in excess of the sum of $150,000.00; costs of this action; and such other and further relief as the Court may deem just and proper.

## COUNT I - BREACH OF CONTRACT

14. Plaintiff expressly adopts as if set forth fully herein the allegations paragraphs 1-13 above.

15. Plaintiff entered into a contractual agreement with Defendant wherein Defendant contractually agreed to provide UM coverage/benefits to Plaintiff if Plaintiff was involved in auto accident and the at fault party was uninsured.

16. Defendant breached the contractual agreement in failing/refusing to fairly investigate/evaluate Plaintiff's UM claim and in acting unreasonably in its assessment/evaluation of sums due Plaintiff under her UM claim.

17. As a direct and proximate result of Defendant's actions, Plaintiff has been injured.

## COUNT II - BAD FAITH

18. Plaintiff expressly adopts as if fully set forth herein the allegations of paragraphs 1-17 above.

19. Defendant acted in bad faith in the handling of Plaintiff's UM claim in failing/refusing to fairly investigate/evaluate the claim and in acting unreasonably in its assessment/evaluation of sums due Plaintiff under her UM claim.

20. Defendant's actions were absent any reasonably legitimate or arguable reason.

21. Defendant had actual knowledge of the absence of any legitimate or arguable reason for its actions.

22. As a direct and proximate result of Defendant's actions, Plaintiff has been injured.

Respectfully submitted this the 3rd day of October, 2006.

                                        /s Jerry M. Blevins
                                        JERRY M. BLEVINS (BLE003)
                                        Attorney for Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)

**PLAINTIFF DEMANDS A TRIAL BY JURY**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLA BELSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:06cv1038-WHA |
| ) | |
| PROGRESSIVE DIRECT INSURANCE ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

This case is before the court on the Defendant's Motion for Summary Judgment (Doc. #32) and the Plaintiff's Motion for Voluntary Dismissal (Doc. #37). Following a telephone conference with counsel for the parties on this day, and by agreement, it is hereby ORDERED as follows:

1. The Motion for Summary Judgment is GRANTED as to COUNT II - BAD FAITH, and that claim is DISMISSED with prejudice as to any actions or inactions of the Defendant prior to the filing of this action. It is not the intention of the court to rule on the admissibility of evidence of actions or inactions of either party prior to the filing of this suit in any suit that may be filed after this date based on actions or inactions of the Defendant after the filing of this suit on October 4, 2006. The question of admissibility of any such evidence, if offered in a later lawsuit, will be a matter for determination in that action.

2. Plaintiff's Motion for Voluntary Dismissal without Prejudice is DENIED as to Plaintiff's bad faith claim, but is GRANTED as to Plaintiff's uninsured motorist claim, COUNT I - BREACH OF CONTRACT, and that claim is DISMISSED without prejudice.



3. This action is DISMISSED on the basis set forth above.

4. Costs are taxed as paid.

DONE this 27th day of August, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE