IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLA BELSER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>PROGRESSIVE HALCYON )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | CASE NO. 2:07-cv-1009-WKW<br>(WO) |

### MEMORANDUM OPINION AND ORDER

This case is before the court on the plaintiff's Motion to Remand (Doc. # 8). The court finds that the motion to remand is due to be GRANTED.

### I. FACTS AND PROCEDURAL HISTORY

The facts as set forth in the complaint are as follows. Plaintiff Viola Belser ("Belser") was involved in an automobile accident on October 6, 2004. (Compl. ¶¶ 4-5.) The other driver in the accident was an uninsured motorist, as defined by Alabama law. (*Id.* ¶ 8.) Belser has uninsured motorist coverage ("UM") through Defendant Progressive Halcyon Insurance Company ("Progressive"). (*Id.* ¶ 9.)

Belser has two UM policies with Progressive. One policy provides coverage of $50,000 per person and $100,000 per accident; the other provides $20,000 per person and $50,000 per accident. (*Id.* ¶ 9.) Belser demanded payment of her policy limits on April 6, 2007. (*Id.* ¶ 11.) At the time Belser filed her complaint, Progressive had not acted on either of her UM claims. (*Id.* ¶ 13.)

In her complaint, Belser demands at least $50,000.00 in compensatory and punitive damages for Progressive's breach of contract and bad faith. (*Id.* ¶ 13.) She stated in the complaint that her damages include approximately $9,000 in medical bills and $11,000 in lost wages. (*Id.* ¶ 12.)

Belser previously filed a lawsuit against Progressive alleging the same claims. In that case, the court granted summary judgment in favor of Progressive as to Belser's bad faith claim and allowed her to voluntarily dismiss the rest. *Belser v. Progressive Direct Ins. Co., Inc.*, No. 06-1038, slip op. at 1 (M.D. Ala. Aug. 27, 2007) (Albritton, J.). In that case, Belser demanded a sum in excess of $150,000.00.

Belser filed her complaint in this lawsuit on October 17, 2007 in the Circuit Court of Montgomery County, and Progressive timely removed it on November 16, 2007. Belser filed her motion to remand on November 27, 2007, and the motion is fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant

clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

## III. DISCUSSION

Belser argues that remand is appropriate because the amount in controversy requirement is not met in this case. Progressive states it would consent to the remand if Belser agreed to cap her damages at $75,000.00. Additionally, Progressive argues that removal was appropriate because Belser has not established to a "legal certainty" that she will collect less than the jurisdictional amount and because of the amount that Belser sought in the previous lawsuit.

Diversity jurisdiction exists when there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. To determine the amount in controversy, a court first looks to the amount alleged in the complaint. *Burns*, 31 F.3d at 1095. If the plaintiff does not specifically allege an amount in controversy, the *removing defendant* must establish the amount in controversy by a preponderance of the evidence.[1] *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *reh'g en banc denied*, Nos. 06-16324, 06-16325, 2008 WL 41327 (11th Cir. Jan. 3, 2008), *petition for cert. filed*, 76 U.S.L.W. 3540 (U.S. Apr. 1, 2008) (No. 07-1246).

In resolving a motion to remand under the preponderance of evidence standard, "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must

---

[1] Because Belser alleges damages of at least $50,000.00 but did not demand a specific dollar amount, the court finds that Belser did not include an *ad damnum* clause.

3

remand." *Id.* at 1211. As the Eleventh Circuit explained in *Lowery*, a defendant who can meet the preponderance of the evidence standard could also have met the more stringent legal certainty standard. *Id.* at 1211 n.59. The two standards are essentially the same at the motion to remand stage because when applying the preponderance of evidence the court has only the removal documents before it, resulting in the court using "a fact weighing standard to a fact-free context." *Id.* at 1209.

First, Progressive contends it would not object to remand if Belser would agree to cap her damages at $75,000.00. Progressive states a negotiating position, not a legal argument for remand. To the extent Progressive argues removal was appropriate because Belser would not agree to a cap, the argument is irrelevant and fails to establish that the amount in controversy is met.

Progressive also argues that removal was appropriate because it is not proven to a legal certainty that plaintiff's claims will be less than the jurisdictional amount. Progressive has flipped the relevant standard on its head, and this position has no basis in the law. The relevant inquiry is whether Progressive has established to a preponderance of evidence that the amount in controversy is met. *See id.* at 1211. It has not.

Progressive's final argument is that removal was appropriate because in Belser's first lawsuit she sought a minimum of $150,000.00 in damages. Progressive argues that Belser changed the amount sought in this case solely to avoid federal jurisdiction. Even if this were

4

true, it does not establish that the amount in controversy is met.[2]

This is a case in which the defendant removed the case based on assumptions and allegations – not evidence – that the amount in controversy is met.  Progressive improperly removed the case despite the law clearly imposing the burden on the defendant to establish that removal was appropriate.  The court concludes that Progressive has failed to establish by a preponderance of the evidence that the amount in controversy is met here.  Because Progressive has not established that the court has subject matter jurisdiction, the motion to remand is due to be granted.

## IV.  CONCLUSION

The plaintiff's Motion to Remand is due to be granted because the defendant failed to establish by a preponderance of the evidence that the removal was appropriate.

Accordingly, it is ORDERED that:

1.  The plaintiff's Motion to Remand (Doc. # 8) is GRANTED;

2.  This case is REMANDED to the Circuit Court of Montgomery County, Alabama;

3.  The Clerk is DIRECTED to take all steps necessary to effect the remand.

DONE this 22nd day of April, 2008.

                                                     /s/   W.  Keith Watkins
                                              UNITED STATES DISTRICT JUDGE

---

[2]  It does not go unnoticed that this court previously dismissed this plaintiff's bad faith claims with prejudice.  See Belser, No. 06-1038, slip op. at 1.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

  (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

  (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

  (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

  (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

  (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).