IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLA BELSER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:07-cv-1009-WKW |
| ) | (WO) |
| PROGRESSIVE HALCYON ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This case is before the court on the plaintiff's Motion to Remand (Doc. # 8). The court finds that the motion to remand is due to be GRANTED.

## **I. FACTS AND PROCEDURAL HISTORY**

The facts as set forth in the complaint are as follows. Plaintiff Viola Belser ("Belser") was involved in an automobile accident on October 6, 2004. (Compl. ¶¶ 4-5.) The other driver in the accident was an uninsured motorist, as defined by Alabama law. (*Id.* ¶ 8.) Belser has uninsured motorist coverage ("UM") through Defendant Progressive Halcyon Insurance Company ("Progressive"). (*Id.* ¶ 9.)

Belser has two UM policies with Progressive. One policy provides coverage of $50,000 per person and $100,000 per accident; the other provides $20,000 per person and $50,000 per accident. (*Id.* ¶ 9.) Belser demanded payment of her policy limits on April 6, 2007. (*Id.* ¶ 11.) At the time Belser filed her complaint, Progressive had not acted on either of her UM claims. (*Id.* ¶ 13.)

In her complaint, Belser demands at least $50,000.00 in compensatory and punitive damages for Progressive's breach of contract and bad faith. (*Id.* ¶ 13.) She stated in the complaint that her damages include approximately $9,000 in medical bills and $11,000 in lost wages. (*Id.* ¶ 12.)

Belser previously filed a lawsuit against Progressive alleging the same claims. In that case, the court granted summary judgment in favor of Progressive as to Belser's bad faith claim and allowed her to voluntarily dismiss the rest. *Belser v. Progressive Direct Ins. Co., Inc.*, No. 06-1038, slip op. at 1 (M.D. Ala. Aug. 27, 2007) (Albritton, J.). In that case, Belser demanded a sum in excess of $150,000.00.

Belser filed her complaint in this lawsuit on October 17, 2007 in the Circuit Court of Montgomery County, and Progressive timely removed it on November 16, 2007. Belser filed her motion to remand on November 27, 2007, and the motion is fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant

clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

### III. DISCUSSION

Belser argues that remand is appropriate because the amount in controversy requirement is not met in this case. Progressive states it would consent to the remand if Belser agreed to cap her damages at $75,000.00. Additionally, Progressive argues that removal was appropriate because Belser has not established to a "legal certainty" that she will collect less than the jurisdictional amount and because of the amount that Belser sought in the previous lawsuit.

Diversity jurisdiction exists when there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. To determine the amount in controversy, a court first looks to the amount alleged in the complaint. *Burns*, 31 F.3d at 1095. If the plaintiff does not specifically allege an amount in controversy, the *removing defendant* must establish the amount in controversy by a preponderance of the evidence.[1] *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *reh'g en banc denied*, Nos. 06-16324, 06-16325, 2008 WL 41327 (11th Cir. Jan. 3, 2008), *petition for cert. filed*, 76 U.S.L.W. 3540 (U.S. Apr. 1, 2008) (No. 07-1246).

In resolving a motion to remand under the preponderance of evidence standard, "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must

---

[1] Because Belser alleges damages of at least $50,000.00 but did not demand a specific dollar amount, the court finds that Belser did not include an *ad damnum* clause.

3

remand." *Id.* at 1211. As the Eleventh Circuit explained in *Lowery*, a defendant who can meet the preponderance of the evidence standard could also have met the more stringent legal certainty standard. *Id.* at 1211 n.59. The two standards are essentially the same at the motion to remand stage because when applying the preponderance of evidence the court has only the removal documents before it, resulting in the court using "a fact weighing standard to a fact-free context." *Id.* at 1209.

First, Progressive contends it would not object to remand if Belser would agree to cap her damages at $75,000.00. Progressive states a negotiating position, not a legal argument for remand. To the extent Progressive argues removal was appropriate because Belser would not agree to a cap, the argument is irrelevant and fails to establish that the amount in controversy is met.

Progressive also argues that removal was appropriate because it is not proven to a legal certainty that plaintiff's claims will be less than the jurisdictional amount. Progressive has flipped the relevant standard on its head, and this position has no basis in the law. The relevant inquiry is whether Progressive has established to a preponderance of evidence that the amount in controversy is met. *See id.* at 1211. It has not.

Progressive's final argument is that removal was appropriate because in Belser's first lawsuit she sought a minimum of $150,000.00 in damages. Progressive argues that Belser changed the amount sought in this case solely to avoid federal jurisdiction. Even if this were

4

true, it does not establish that the amount in controversy is met.[2]

This is a case in which the defendant removed the case based on assumptions and allegations – not evidence – that the amount in controversy is met.  Progressive improperly removed the case despite the law clearly imposing the burden on the defendant to establish that removal was appropriate.  The court concludes that Progressive has failed to establish by a preponderance of the evidence that the amount in controversy is met here.  Because Progressive has not established that the court has subject matter jurisdiction, the motion to remand is due to be granted.

## IV.  CONCLUSION

The plaintiff's Motion to Remand is due to be granted because the defendant failed to establish by a preponderance of the evidence that the removal was appropriate.

Accordingly, it is ORDERED that:

1.  The plaintiff's Motion to Remand (Doc. # 8) is GRANTED;

2.  This case is REMANDED to the Circuit Court of Montgomery County, Alabama;

3.  The Clerk is DIRECTED to take all steps necessary to effect the remand.

DONE this 22nd day of April, 2008.

                                 /s/   W.  Keith Watkins  
                              UNITED STATES DISTRICT JUDGE

---

[2] It does not go unnoticed that this court previously dismissed this plaintiff's bad faith claims with prejudice.  See Belser, No. 06-1038, slip op. at 1.